UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PRIMERICA LIFE INSURANCE COMPANY,

          Plaintiff,

-vs-                             Case No.     5:11-cv-589-Oc-10-PRL

LINDA E. BOWLING and LISA C.
MOURADIAN,

          Defendants.

_____/

## MEMORANDUM OPINION

      This is an interpleader action involving a dispute concerning entitlement to the proceeds of a life insurance policy.

      In 1989, Primerica issued a term life insurance policy to the insured, Raymond E. Clay, in the amount of $100,000.00.  Raymond's then wife, Shirlee M. Clay, was named as the beneficiary.  In March, 1992 Raymond changed the designation and named his three children, Teresa L. Voll, Lisa Mouradian and Raymond E. Clay, II, as beneficiaries.[1]

      In 2008 Raymond established a romantic relationship with Linda E. Bowling and thereafter began living with her, on an intermittent basis if not constantly, at her home in Leesburg.

---

[1]      The record is silent but the Court infers that Raymond's marriage to Shirlee was terminated sometime before March 1992.

In January, 2009, Raymond reduced the coverage of the Primerica policy from $100,000.00 to $15,000.00.[2]

On April 19, 2010, Raymond entered the Leesburg Memorial Hospital for a surgical procedure.  During the course of the operation he suffered a debilitating stroke and remained in the hospital until early May.  He was then transferred to a rehabilitation center in Leesburg for an extended stay.[3]

Raymond's son lived in Florida, but not in the Leesburg area, and his daughters, Teresa and Lisa, lived in North Carolina.  Thus, in May 2010, when Raymond entered and thereafter remained in the Leesburg rehab facility, Ms. Bowling assumed the local management of Raymond's personal affairs; and, accordingly, on May 13, 2010, Raymond signed a form power of attorney naming Ms. Bowling as his attorney in fact for that purpose.  Subsequently, on October 29, 2010, Raymond also signed a change of beneficiary form naming Ms. Bowling as the sole beneficiary of his Primerica life insurance policy.

Then, around Thanksgiving of 2010, it was agreed by Ms. Bowling and Raymond's three children that he would be moved to a facility in North Carolina where Teresa and Lisa would assume a greater role in his care.

Thus, on December 1, 2010, Raymond signed an extensive Durable Power of Attorney revoking any earlier power of attorney and naming his daughter Lisa

---

[2]     There is a suggestion in the record that Raymond could no longer afford the premium for the higher coverage.

[3]     Indeed, it appears that he thereafter remained continuously in one health care institution or another until his death in April, 2011.

Mouradian as his attorney in fact for all purposes.  He was then transported to North Carolina just before Christmas, 2010, and was initially placed in a nursing home there. (He was later moved to a hospice facility.)

On April 8, 2011, Ms. Mouradian signed, as attorney in fact for Raymond, a change of beneficiary form designating herself as beneficiary of the Primerica life insurance policy.  Raymond died three days later, April 11, 2011.

Both Lisa Mouradian and Linda Bowling submitted claims to Primerica for the proceeds of the life insurance policy, and Primerica filed this interpleader action.  An order has previously been entered awarding to Primerica its fees and costs, and directing it to deposit with the Clerk the net proceeds of the policy.  (See Docs. 10 and 11).[4]

Both Ms. Bowling and Ms. Mouradian have appeared pro se, and no action was taken to advance the litigation after the court required a deposit of the interpleaded funds.  Accordingly, the court scheduled a hearing (Doc14) to be held on May 22, 2013, for the purpose of advancing the litigation to a conclusion.

Both Ms. Bowling and Ms. Mouradian appeared in person at the May 22 hearing, and in accordance with the discussion had with the parties at that time, an Order was entered (Doc. 16) giving both parties a stated period within which to file any additional evidence and/or argument in support of their respective claims after

---

[4]     The sum of $10,433.86 was thereafter deposited on October 17, 2012 (Doc. 12).

which the court would take the matter under submission for final decision and entry of judgment.[5]

Both Ms. Bowling and Ms. Mouradian have now taken advantage of that opportunity by filing their various papers, and the case is ready for decision.

## Discussion

There can be no genuine dispute that Ms. Mouradian became Raymond's attorney in fact with full power and authority to act for him and in his stead as of December 1, 2010, when Raymond signed on that date the Durable Power of Attorney to that effect.  By the same token, there can be no genuine dispute on the basis of the evidence submitted that the same power of attorney revoked, by its express terms, any earlier power of attorney which would include the one dated May 13, 2010, naming Ms. Bowling as his attorney in fact.  And, finally, there is no evidence that Raymond ever took effective action to revoke the later power dated December 1, 2010, or that he lacked the mental capacity to knowingly, intentionally and voluntarily grant to Ms. Mouradian the powers created by that document at the time it was signed.  Thus, while Ms. Bowling may well question Raymond's mental capacity on April 8, 2011 – three days before he died – when Ms. Mouradian signed the change of beneficiary form designating herself as the beneficiary of the Primerica life insurance policy, Raymond's capacity at that time does not matter.  Raymond's

---

[5]  This unusual summary procedure seemed justified due to the pro se status of both parties; the fact that one of the parties lives in another state; and the amount in controversy (less than $10,500) which barely justifies the expenses of the litigation, even for those proceeding pro se.  See Federal Rules of Civil Procedure 56(f).

acquiescence in or endorsement of the change of beneficiary form was not required; Ms. Mouradian was fully empowered by the December 1, 2010, power of attorney to act without Raymond's consent.  Nor does there appear to have been any fraud or overreaching in the April 8, 2011, transaction.  Ms. Mouradian has submitted a document under penalty of perjury demonstrating that she and her siblings had end-of-life expenses, associated with Raymond's death, in an amount equaling or exceeding the coverage of the Primerica policy.[6]

The Clerk is directed to enter judgment in favor of the Claimant Lisa Mouradian and against the Claimant Linda Bowling.  The sum on deposit in the registry of the court ($10,433.86) plus any interest earned on that sum since it was deposited, is hereby awarded to Lisa C. Mouradian and shall be disbursed to her by the Clerk after fourteen (14) days from the date of this Order.  See Federal Rule of Civil Procedure 62(a).  After making such disbursement the Clerk shall terminate all pending motions, if any, and close the file.

Upon the entry of this Order the Clerk is directed to furnish a copy, by First Class Mail, to Linda E. Bowling and Lisa C. Mouradian, respectively.

IT IS SO ORDERED.

---

[6]     It should also be noted that there is no suggestion of any fraud or overreaching on the part of Ms. Bowling at the time Raymond named her as his beneficiary on October 29, 2010.  She, too, had expenses associated with Raymond's care while he was in Florida after his stroke.

DONE and ORDERED at Ocala, Florida, this 25th day of June, 2013.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Linda E. Bowling
             Lisa C. Mouradian
             Maurya McSheehy, Courtroom Deputy